IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VITALY FEDORCHUK <br> 5850 PASSAGE CREEK DR. <br> DUBLIN, OHIO 43016 <br><br> And <br><br> DOUG WHITE <br> 794 LINDENHAVEN ROAD <br> COLUMBUS, OHIO 43230 <br><br> And <br><br> TIM GEIOGUE <br> 3483 CASTLE RD. <br> ALEXANDRIA, OHIO 43001 <br><br>     Plaintiffs, <br><br> v. <br><br> COMMUNICATION WORKERS OF AMERICA <br> c/o JAY WALTERS <br> 4140 EAST BROAD ST. <br> COLUMBUS, OHIO 43214 <br><br>     Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : Case No. <br> : <br> : <br> : Judge <br> : <br> : <br> : Magistrate Judge <br> : <br> : <br> : Trial by Jury Demanded <br> : |

## COMPLAINT

Now come Plaintiff Vitaly Fedorchuk, Plaintiff Doug White and Plaintiff Tim Geiogue (hereafter collectively referred to as the "Plaintiffs"), by and through undersigned counsel, and for their Complaint against Defendant Communication Workers of America (hereafter "Defendant" or the "Union") do state and aver as follows:

{00157530-1}

## PARTIES

1. Plaintiff Vitaly Fedorchuk is a citizen of the State of Ohio.

2. Plaintiff Doug White is a citizen of the State of Ohio.

3. Plaintiff Tim Geiogue is a citizen of the State of Ohio.

4. Defendant Communication Workers of America (the "Union") is a labor organization that represents employees of various employers throughout the United States, including employers doing business in portions of Ohio within this Judicial District, for the purpose of collective bargaining. The Union derives a substantial portion of its revenues from the dues charged to the represented employees employed by employers within this Judicial District. As such, the Union does business in this Judicial District and is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. A dispute has arisen between Plaintiffs and the Union which raises a federal question as to whether the Union, as Plaintiffs' exclusive bargaining representative, has engaged in conduct toward Plaintiffs that constitutes a breach of its fiduciary duty towards Plaintiffs imposed on the Union by Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185, and 28 U.S.C. Section 1337(a).

## FACTUAL ALLEGATIONS

6. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 5 above as if fully rewritten herein.

7. Plaintiff Vitaly Fedorchuk is a Caucasian male who was born on November 30, 1980.

8. Plaintiff Doug White is a Caucasian male who was born on January 12, 1949.

9. Plaintiff Tim Geiogue is a Caucasian male who was born on May 3, 1978.

{00157530-1}

10. At all times herein, Plaintiffs worked for AT&T at its store located at 1801 Henderson Road, Columbus, Ohio 43220.

11. Plaintiff Vitaly Fedorchuk began working for AT&T on July 17, 2011.

12. Plaintiff Doug White began working for AT&T on May 1, 2001. Plaintiff worked approximately five (5) years at AT&T.  On or about October 18, 2010, Plaintiff was re-hired by AT&T and bridged his service for retirement qualification on April 18, 2015.

13. Plaintiff Tim Geiogue began working for AT&T in November 2010.

14. In March of 2015, Plaintiffs were accused by AT&T of signing into each other's accounts to enhance their metric.  On or about March 1, 2015, they were terminated.

15. Plaintiffs' received no monetary gain by signing into each other's accounts.

16. In fact, Plaintiffs' managers told them -- along with other employees-- to sign into each other's accounts.

17. The real reason for AT&T's termination of Plaintiffs was for discriminatory reasons in violation of Title VII and the ADEA.

18. Plaintiffs each had claims against AT&T for discrimination.

19. Throughout Plaintiffs' entire tenure of employment with AT&T, Plaintiffs were members of the collective bargaining unit represented by the Union.

20. Plaintiffs met with their representative(s) of the Union to discuss their discipline.

21. Plaintiffs told the Union that they wanted to file a lawsuit and charge of discrimination against AT&T for discrimination including but not limited to age and/or reverse gender discrimination.

{00157530-1}

22. The Union told Plaintiffs to hold off on filing the lawsuit and charge of discrimination since the Union was going pursue a grievance under the Regional Labor Agreement between the Union and AT&T Mobility, LLC.

23. Plaintiffs, relying on the Union's representation that it would pursue a grievance on their behalf, did not immediately file a lawsuit and charge of discrimination against AT&T.

24. The Union failed to file a grievance on Plaintiffs' behalf, and continued to tell Plaintiffs to forego initiating a lawsuit and charge of discrimination.

25. The Union purposefully and intentionally strung Plaintiffs' along, leading them to reasonably believe that it would file a grievance on their behalf, until all of their statutes of limitation had passed on state and federal discrimination claims.

26. After Plaintiffs' statutes of limitation had run and on February 1, 2017, Plaintiffs met with the Union President who told Plaintiffs that "We (the Union) are not doing anything."

### CAUSE OF ACTION - Breach of Duty of Fair Representation

27. Plaintiffs hereby incorporates their allegations set forth in Paragraphs 1 through 26 above as if fully rewritten herein.

28. As Plaintiffs' exclusive bargaining representative, the Union had a fiduciary duty imposed by Section 301 of the Labor Management Relations Act to represent them fairly.

29. The Union had a statutory obligation to represent all members equally, without hostility towards any.

30. The Union's conduct towards the Plaintiffs, in failing to grieve their terminations and purposely stringing Plaintiffs along until Plaintiffs' state and federal statutes of limitation passed, was inexplicable, irrational and arbitrary, and therefore constituted a breach of its fiduciary duty of

{00157530-1}

fair representations towards Plaintiffs imposed upon it by Section 301 of the Labor Management Relations Act.

31. By engaging in the conduct described herein, the Union violated Section 301 of the Labor Management Relations Act.

32. The Union's behavior was unreasonable and irrational.

33. The Union breached its duty of fair representation since its handling of Plaintiffs' grievance(s) was arbitrary, discriminatory, perfunctory, or in bad faith.

34. The Union's statutory violation as set forth above has caused Plaintiffs to suffer economic damages including but not limited to loss of wages, loss of retirement income, and loss of medical benefits, as well as severe mental anguish in an amount to be determined.

**WHEREFORE**, Plaintiffs seek relief from this Court as follows:

   a. An order from the Court requiring the Union to make Plaintiffs' whole for their economic damages caused by its breach of its fiduciary duty of fair representation owed to Plaintiffs;

   b. An order from the Court requiring the Union to pay Plaintiffs a reasonable sum of money to compensate them for their mental anguish caused by its breach of its fiduciary duty;

   c. An order form this Court requiring the Union to pay Plaintiffs costs and other fees they have been forced to incur in connection with bringing this action; and

   d. Any other relief to which Plaintiffs might legally be entitled.

{00157530-1}

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**

By: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
**Attorney for Plaintiffs**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com

## JURY DEMAND

Now come Plaintiffs, by and through counsel, and hereby demand that a jury hear the above case.

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**

By: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
**Attorney for Plaintiffs**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com

{00157530-1}